UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SENECA ROBERTS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV420-308 |
| | ) | |
| WARDEN M. TRAVIS BRAGG, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

The Court recommended dismissal of plaintiff's 28 U.S.C. § 2241 petition for failure to remit the required filing fee. Doc.3. Plaintiff has now remitted the fee and indicated that he did not receive the Court's previous notice of deficiency. Doc. 4. The Court **VACATES** the Report and Recommendation as moot. Doc. 3.

Upon review, it is apparent that the petition was improperly filed in this district. Unlike other forms of habeas relief, petitions under § 2241 "may be brought *only* in the district court for the district in which the inmate is incarcerated." *Fernandez v. United States*, 941 F.2d 1488, (11th Cir. 1991) (emphasis added); *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) ("Unlike § 2255 motions, motions made

pursuant to § 2241 must be brought only in the district court for the district in which the inmate is incarcerated." (quotes and cite omitted)). At the time of filing, petitioner was incarcerated at the federal correctional facility in Bennettsville, South Carolina. Doc.1 at 1. He remains incarcerated their today. Doc. 4 at 1. As plaintiff is not incarcerated in this district, the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the District of South Carolina for all further proceedings. 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); 28 U.S.C. § 121 (defining the District of South Carolina.

    **SO ORDERED**, this 27th day of April, 2021.

*[signature: Christopher L. Ray]*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA